UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>YOLO COUNTY,<br><br>Defendant. | No. 2:18-cv-2547 DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has neither filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 nor paid the filing fee for this action.

In this case, plaintiff names Yolo County as a defendant. However, it appears he is challenging the fact or duration of his confinement at San Quentin State Prison pursuant to a capital murder conviction. (ECF No. 1.) Plaintiff was convicted in Alameda County, which is in the Northern District of California. People v. Bonilla, 41 Cal. 4th 313 (2007).

To the extent plaintiff is raising claims which would be cognizable in a habeas corpus action under 28 U.S.C. § 2254, courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners. See 28 U.S.C. § 2241(d); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). In this case, because the county of conviction is located within the boundaries of the

1

Northern District of California and because the place of incarceration is also located in the Northern District of California, that court is the proper venue to hear the matter under § 2254.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the claim arose in Alameda County, which is in the Northern District of California. Therefore, plaintiff's claim should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

Dated: March 28, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/boni2547.21a